UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE SERVICES | § | |
| OF NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-3949 |
| | § | |
| THE HARTFORD FIDELITY & | § | |
| BONDING CO. and HARTFORD | § | |
| CASUALTY INSURANCE CO., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Defendant, Hartford Fidelity & Bonding Co.'s ("HFB"), Motion to Dismiss for Want of Jurisdiction and Motion for Judgment on the Pleadings  (Dkt. #19).  Having considered the motion, the response, and the applicable law, the Court is of the opinion that the motions should be DENIED.

**Discussion**

In this lawsuit, Plaintiff, Administrative Services of North America, Inc. ("ASNA"), asserts claims against HFB and Defendant Hartford Casualty Insurance Company for breach of an insurance policy.  HFB seeks to dismiss ASNA's claims because it maintains that the Court lacks subject matter jurisdiction.  In particular, HFB asserts that ASNA lacks both standing and capacity to bring this lawsuit because ASNA is a former corporation that no longer exists after merging with another corporate entity. HFB seeks judgment in its favor on the pleadings on the same grounds, arguing that the affirmative defenses of standing and capacity were raised in its answer "over eight months ago and sufficient time has passed to permit the plaintiff to 'cure' the defects, if they could be cured."[1]  In its response, ASNA disputes HFB's assertion that ASNA no longer exists, and further contends that ASNA satisfies the

_____

[1]Dkt. #19, pp. 6-7.

standing requirements and has cured any capacity defects with regard to its corporate privileges.  The Court agrees, and finds that both dismissal and judgment on the pleadings in favor of HFB are unwarranted.

As ASNA notes, the basic premise of HFB's initial motion is that ASNA lacks standing and capacity because ASNA no longer exists.  After considering ASNA's response and "spen[ding] many hours fleshing out the rest of the corporate history," HFB concedes in its reply that ASNA did not merge with another company.  Moreover, HFB acknowledges ASNA was listed on the criminal acts insurance policy issued by Hartford, upon which ASNA now seeks to recover based on the alleged misconduct of an employee of ASNA's subsidiary.  Given HFB's mistaken premise, as well as the facts alleged in ASNA's complaint and those acknowledged by HFB in its reply, the Court concludes that Article III's standing requirements are easily satisfied in this case.  That is, ASNA, as a valid and existing  corporate entity, has allegedly suffered an injury as a result of HFB's alleged breach of an insurance   policy, and now seeks to recover that loss through prosecution of this lawsuit.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Therefore, HFB's standing argument in misplaced.

Despite conceding its misunderstanding of ASNA's corporate status, HFB continues to assert in its reply that ASNA lacks standing because ASNA's corporate privileges were suspended by the state of Delaware at the time of commencement of this lawsuit for failure to file franchise reports.  Although properly objecting to ASNA's lack of capacity to sue, HFB in its briefing treats capacity as if it were directly related to the standing inquiry.  In fact, however, standing and capacity are two distinct legal concepts.  *See generally* 6 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1559 (1971) (capacity is a party's personal right to come into court and should not be confused with whether a party has an enforceable right or interest).  Unlike standing, which is a constitutional requirement that a party have an enforceable right or interest, capacity is a procedural requirement that involves a corporation's general right to come into court.  As explained below, ASNA

also satisfies the capacity inquiry.

Under Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law of the state under which it was organized."  Although the state of Delaware had apparently suspended the corporate privileges of ASNA at the time of commencement of this lawsuit for failing to address a gap in its franchise tax reports, Delaware law also provides an opportunity for ASNA to cure this defect by filing a Certificate of Renewal and Revival.  *See* DEL. CODE ANN. tit. 8, § 312(e).   According to Delaware law, successful reinstatement as a result of filing the certificate

> validate[s] all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation, its officers and agents during the time when its certificate of incorporation was forfeited . . . , or was inoperative or void or after its expiration by limitation, with the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect."

*Id*.  Because ASNA has provided undisputed evidence of its Certificate of Renewal and Revival, as well as certification of its "Good Standing" from the Delaware Secretary of State,[2] the Court is satisfied that ASNA has the capacity to pursue this lawsuit under Delaware law.  Thus, dismissal or judgment on the pleadings in HFB's favor on this ground is also inappropriate.

HFB also advances two other arguments in its reply.  First, HFB suggests that ASNA "will have difficulty establishing its ownership of any of the allegedly stolen property," which could impact whether coverage exists under the policy.  Second, HFB argues that any recovery by ASNA in this lawsuit would be a windfall to ASNA because an immediate payment by HFB under the policy would have only resulted in payment to ASNA's creditors, as ASNA was placed in receivership at that time.  Now, according to HFB, ASNA should not be allowed to pursue any alleged damages because ASNA would not have actually received any payments had  HFB timely paid the claim.  The Court notes that HFB has

---

[2]Dkt. #23, Ex. A.

moved for dismissal on the basis of lack of subject matter jurisdiction, as well as for judgment on the

pleadings based on the same grounds. The merits of these contentions by HFB notwithstanding, the Court

finds that these arguments are not appropriate for consideration at this time.  As a result, the Court will

not address them in this context.

### Conclusion

For the foregoing reasons, HFB's Motion to Dismiss for Want of Jurisdiction and Motion for

Judgment on the Pleadings are DENIED.

It is so ORDERED.

Signed this 16th day of August, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

4